**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02463-001-TUC-RM (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Armando Quintana-Rivera, | |
| Defendant. | |

On March 26, 2020, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation ("R&R") (Doc. 52) recommending that this Court deny Defendant's Motion to Dismiss Due to Egregious Delay in Commencing Competency Restoration Treatment (Doc. 34.) No objections to the "R&R" were filed.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the

district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Judge Kimmins's R&R, the parties' briefs, and the record. The Court will accept the R&R's recommendation to deny Defendant's Motion to Dismiss; however, the Court emphasizes that its decision is limited to the facts of this case and should not be construed to preclude granting similar relief in the future, in this case or another case, if the facts and circumstances warrant it.

The Court agrees with Judge Kimmins's finding that Defendant has not, at this time, established prejudice from the 132-day delay in transportation to Springfield, because Defendant was not in "immediate need of psychiatric medication or treatment for an acute mental health issue." (Doc. 52 at 23-24.) However, if Defendant had needed emergency treatment and had not timely received it, he may have been able to show prejudice. Furthermore, Defendant may be able to establish prejudice in the future if delays associated with his treatment cause him to be held in custody longer than his likely sentence.

In addition, although the Court does not find that the Government's conduct regarding the delay in restoration treatment in this case constitutes misconduct warranting dismissal, it is concerned about the "extended delays in transporting defendants for competency restoration," which Defendant alleges—and the record indicates—has been "a systemic and recurrent problem for many years." (Doc. 52 at 17.) The Court does not accept the Government's argument that the Bureau of Prisons ("BOP") "has made good-faith efforts to address the issue of wait times." (*Id*.) The evidence in the record indicates that there has been a wait list for restoration treatment at the Butner, NC and Springfield, MO facilities since at least 2009. (*Id*. at 12-13.) The evidence further indicates that the wait time for treatment has increased in the past few years. (*Id*. at 10.)

While the Government claims that the problem defies a simple solution, one of its witnesses also admitted that she was "not aware of any discussions by the Mental Health

Care Committee about using contract restoration facilities." (*Id.*) The record indicates that a new facility will open soon in Fort Worth, TX which will provide 40 additional beds for inpatient treatment. (*Id.* at 9.) However, the Court is concerned that the new facility is insufficient to meet the increasing demand for competency restoration treatment. The Government has been on notice since at least 2009 that there have been delays in transporting defendants for restoration treatment due to wait lists. Eleven years is enough time to solve this problem, which is only increasing in severity. The Court urges the Government to explore possible solutions, including but not limited to contracting with third-party treatment facilities to provide competency restoration treatment. The Government contracts with privately owned prisons to meet the demand for incarceration, and it has not explained why it cannot do the same to meet the demand for competency restoration treatment.

**IT IS ORDERED** that the Report and Recommendation (Doc. 52) is **accepted in part and modified in part**, as set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Due to Egregious Delay in Commencing Competency Restoration Treatment (Doc. 34) is **denied without prejudice**.

Dated this 30th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge